UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHH MORTGAGE CORP.,

Plaintiff,

v.

YASMIN YOUNGWELLS, *a/k/a Yasmin Young Wells*, SAMUEL L. WELLS, and JOHN DOES 1-12,

Defendants.

**MEMORANDUM DECISION AND ORDER**

25-cv-6656 (BMC)

**COGAN**, District Judge.

This is a diversity mortgage foreclosure action. Plaintiff has filed motions for summary judgment, dismissal of defendants' counterclaims, and attorneys' fees. For the reasons below, the Court grants plaintiff's motions for summary judgment and dismissal of defendants' counterclaims, and denies without prejudice plaintiff's motion for attorneys' fees.

## BACKGROUND

In 2004, defendants executed a $225,000 promissory note in favor of Lend America dated August 20, 2004, secured by a mortgage which encumbers the real property located at 880 Seaman Avenue East, Baldwin, NY 11510. The same day, the original mortgage was executed and delivered to Lend America's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS").

Two years later, MERS assigned the mortgage to HSBC Bank, N.A. ("HSBC"). For defendants' mortgage, there were two loan-servicing companies that acted as HSBC's attorney-in-fact: Ocwen Loan Servicing ("Ocwen") and PHH Mortgage Corp. (*i.e.*, plaintiff). Defendants defaulted on the loan several times over the next 20 years but instead of foreclosing on the

property, HSBC (through either Ocwen or plaintiff as HSBC's attorney-in-fact) modified the loan terms with defendant, and the principal balance increased with each such modification. By the end of 2024, the principal balance was $443,097.52.

Defendants defaulted again in early 2025 and remain in default today. Plaintiff, again acting as HSBC's attorney-in-fact, assigned the mortgage to itself and filed this case a few days later. Plaintiff also named 12 John Doe defendants that have never been served nor identified.

Defendants appeared and asserted, along with a laundry list of boilerplate affirmative defenses, three $1,000,000 counterclaims for damages they attribute to "false and negative credit reporting," "harassment," and "usurious interest and other improper charges not agreed upon."

Plaintiff has moved for summary judgment, dismissal of the counterclaims as abandoned, and attorney's fees. Defendants oppose summary judgment only on grounds that plaintiff lacks standing to foreclose and has otherwise failed to establish the debt's existence and their default.

**DISCUSSION**

The Court first addresses whether defendants "have abandoned the counterclaim[s] and . . . affirmative defenses by not addressing them in opposition to the motion." Fed. Home Loan Mortg. Corp. v. Gw Real Est. Partners, LLC, No. 26-cv-407, 2026 WL 1985307, at *1 (E.D.N.Y. July 9, 2026). "When a party fails adequately to present arguments in an [opposition] brief, . . . those arguments [may be] abandoned." State St. Bank & Tr. Co. v. Inversiones Erazuriz Limitada, 374 F.3d 158, 172 (2d Cir. 2004). "[E]specially 'in the case of a counseled party . . . a court may [] infer from party's partial opposition that relevant claims or defenses that are not defended have been abandoned.'" Malik v. City of N.Y., 841 F. App'x 281, 284 (2d Cir. 2021) (quoting Jackson v. Fed. Exp., 766 F.3d 189, 198 (2d Cir. 2014)).

Here, defendants are represented by counsel and have pursued none of the counterclaims, and only three affirmative defenses, which are analyzed below. Accordingly, their counterclaims and defenses other than the three they have briefed are deemed abandoned and therefore dismissed.

In the same vein, plaintiff has abandoned its claims against the John Doe defendants. "No summons was ever returned for [any of] the[m]," Charles v. Cnty. of Nassau, 116 F. Supp. 3d 107, 112-13 (E.D.N.Y. 2015), so the Court "dismisses *sua sponte* all claims against [the] still-unnamed John Doe [] defendants." Walston v. City of N.Y., 289 F. Supp. 3d 398, 402 n.2 (E.D.N.Y. 2018).

## I. Summary Judgment Standard

Summary judgment is warranted where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable to the nonmoving party." Scott v. Harris, 550 U.S. 372, 380 (2007). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for" defendants. See id. (defendants "must do more than simply show that there is some metaphysical doubt as to the material facts" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986))); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat a properly supported motion for summary judgment"). To survive, defendants must marshal "concrete evidence from which a reasonable juror could return a verdict in [their] favor." Id. at 256.

## II. Analysis

In New York, to "establish[] its entitlement to summary judgment" for foreclosure, Wells Fargo Bank, N.A. v. 840 Westchester Ave. NMA, LLC, 786 F. Supp. 3d 586, 596 (S.D.N.Y. 2025), "a lender must prove (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt," U.S. Bank, N.A. v. Squadron VCD, LLC, 504 F. App'x 30, 32 (2d Cir. 2012); see CIT Bank N.A. v. Donovan, 856 F. App'x 335, 336 (2d Cir. 2021) ("[A] plaintiff in a foreclosure action establishes *prima facie* entitlement to summary judgment 'by producing evidence of the mortgage, the unpaid note, and the defendant's default.'" (quotations omitted))).

### A. Standing

When, as here, "a defendant contests standing to foreclose, 'the plaintiff must prove its standing as part of its *prima facie* showing.'" Wells Fargo, 786 F. Supp. 3d at 596 n.4 (quoting JPMorgan Chase Bank, N.A. v. Weinberger, 142 A.D.3d 643, 644, 37 N.Y.S.3d 286, 288 (2nd Dep't 2016))). "A plaintiff establishes standing in a foreclosure action by 'demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" Id. (quoting Gustavia Home, LLC v. Rutty, 785 F. App'x 11, 14 (2d Cir. 2019)).

Here, plaintiff has provided uncontroverted evidence that, when this case was filed, plaintiff was the assignee of the underlying note. Defendants even plainly admit that the "second assignment of mortgage, dated November 10, 2025, assigned the mortgage [] from HSBC to PHH Mortgage Corporation." Nonetheless, defendants contend otherwise because the "assignment does not mention the note or obligation" and assert that plaintiff otherwise failed to establish "physical possession of the underlying note."

Both arguments are red herrings. "[A] plaintiff can establish standing by," as was done here, "attaching a copy of the properly endorsed note to the complaint when commencing the

action." Wells Fargo Bank, N.A. v. Garland, 219 A.D.3d 962, 195 N.Y.S.3d 514 (2nd Dep't 2023). And "where the note is affixed to the complaint, it is unnecessary to give factual details of the [physical] delivery in order to establish that possession was obtained prior to a particular date." U.S. Bank, N.A. v. Cohen, 156 A.D.3d 844, 67 N.Y.S.3d 643 (2nd Dep't 2017). Accordingly, plaintiff has standing to foreclose.

**B. Plaintiff is Entitled to Summary Judgment**

i. Existence of Debt

Defendants first gambit is contesting whether plaintiff has established the "existence of [the] debt." U.S. Bank, 504 F. App'x at 32. According to defendants, "a review of the loan documents shows that the 2004 note and mortgage were not personally executed by Defendant Yasmin Youngwells," and were instead "executed by an individual purporting to act as here [*sic*] attorney-in-fact." Defendants then fault plaintiff for "fail[ing] to produce the underlying power of attorney."

It is possible, as the cases cited by defendants suggest, that challenging a power of attorney's validity can sometimes cast a wrench into the gears of foreclosure proceedings. See, e.g., Hoffman v. Kraus, 260 A.D.2d 435, 436-37, 688 N.Y.S.2d 575, 576 (2nd Dep't 1999); First Nat'l Bank of Nev. v. Williams, 74 A.D.3d 740, 904 N.Y.S.2d 707, 708 (2nd Dep't 2010). But those cases are about forged documents, and defendants do not contest that a valid power of attorney existed. Rather, defendants quibble about the *scope* of the power of attorney, *i.e.*, whether it "extended to execution of the mortgage" or was effective on that date.

That does not make the cut on summary judgment. Again, defendants must put forth "concrete evidence from which a reasonable juror could return a verdict in [their] favor," Anderson, 477 U.S. at 247-48, and defendants put forth nothing but conjecture. If there were an

iota of merit to this argument, it should not have been left as an unsworn statement by counsel in defendants' opposition brief. See, e.g., Hoffman, 260 A.D.2d at 436 ("appellants submitted sufficient *evidence* . . . as to whether [the] signature on the power of attorney was forged.") (emphasis added); Williams, 74 A.D.3d at 741 ("appellant submitted documentary *evidence* that a deed to the mortgaged property . . . was void [as forged]") (emphasis added). Accordingly, defendants have failed to raise a genuine dispute of material fact as to the existence of the debt.

ii. Existence of Default

Defendants' next argument contests whether plaintiff has established defendants' "default on that debt." U.S. Bank, 504 F. App'x at 32. As defendants see it, it is not enough that plaintiff relies on its own employee's affidavit, which describes in detail the events leading to the default. This is because, say defendants, the affidavit "does not identify the records or indicate who created the records [and is thus] insufficient to lay a proper foundation for the admission of the business records purporting to show [their] default on the note." That outright misrepresents the affidavit, which identifies, describes, and appends no fewer than 16 records as exhibits.

Again, if there were any merit to defendants' contention that they weren't in default, defendants could have put forth some evidence of payment, perhaps in the form of a bank statement or even a screenshot of a banking app's transaction history. See HANDL Cap. 531, LLC v. New Generation Holdings, LLC, No. 25-cv-6318, 2026 WL 440558, at *4 (E.D.N.Y. Feb. 17, 2026) (noting that defendant "produced no evidence of payments made which would challenge the payment calculation that plaintiff has submitted."). But that did not happen, likely because such evidence is nonexistent.

Defendants last-ditch effort is to point out discrepancies between the dates of default listed in the affidavit, and the dates of default which appear on the various default notices that

plaintiff issued to defendants. For example, defendants highlight that the affidavit "states that [they] defaulted on the loan commencing with the April 01, 2025, payment," but that the 90-day default notice, which is dated March 14, 2025, states that defendants are 41 days in default.

This can best be interpreted as defendants contesting how much they are in arrears, *i.e.*, whether they owe monthly payments starting on April 1, 2025, or February 1, 2025 (41 days before March 14, 2025). But "dispute[s] over the calculation of arrears [are] not a defense to a mortgage foreclosure action." HANDL, 2026 WL 440558, at *4 ("The precise calculation is worked out by the foreclosure referee, subject to an objection to be made to the court, once the foreclosure sale has occurred"); see Crest/Good Mfg., Inc. v. Baumann, 160 A.D.2d 831, 831-32 554 N.Y.S.2d 264, 265 (2nd Dep't 1990). Accordingly, defendants have failed to raise a genuine issue of material fact as to their default.

## III. Attorneys' Fees

Finally, plaintiff has moved for attorneys' fees incurred throughout this action. In essence, the mortgage allows for recovery of fees in connection with foreclosure proceedings. Because the fees can be determined at the time of foreclosure and added to the delinquent balance, the Court finds it more appropriate to leave this issue to the mortgage referee. See Secured Asset Mgmt., LLC v. Cong. Beth Joseph Zwi Dushinsky, No. 17-cv-5588, 2023 WL 2429689, at *2 (E.D.N.Y. Mar. 9, 2023) (appointing "referee . . . to: (1) compute the amounts due[,] including the total amount owed in default . . . and attorneys' fees and costs, and (2) conduct a foreclosure sale[.]"). Accordingly, plaintiff's motion for attorneys fees relating to the foreclosure is denied without prejudice.

## CONCLUSION

The Court grants plaintiff's motion for summary judgment and denies without prejudice plaintiff's motion for attorneys' fees. The Court dismisses as abandoned defendants' counterclaims and affirmative defenses and dismisses *sua sponte* the claims against the John Doe defendants. Within seven days of this Order, plaintiff is directed to file a proposed judgment of foreclosure.

**SO ORDERED.**

Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
August 24, 2026